Raul B. Garcia, SBN 131912
GARCIA REED & RAMIREZ LLP
1447 Ford Street, Suite 200A
Redlands, CA 92374
Telephone: (951) 530-4810
Facsimile: (951) 900-4330
E-Mail: raul@garciareed.com

Attorneys for Plaintiffs, SYMONS EMERGENCY SPECIALTIES, INC., a California Corporation; JEFF T. GRANGE, M.D., INC., dba Grange Emergency Medical Services, a California Corporation; JEFF T. GRANGE, an individual;

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMONS EMERGENCY SPECIALTIES, INC., a California Corporation; JEFF T. GRANGE, M.D., INC., dba Grange Emergency Medical Services, a California Corporation; Jeff. T. Grange, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RICARDO LARA, in his official capacity as Commissioner of the Department of Insurance; SISTEMAS MEDICOS NACIONALES, S.A. de C.V. dba SIMNSA HEALTH PLAN, and DOES 1 through 100.<br><br>Defendants | CASE NO. 5:20-cv-00183<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Judge:<br>Department:<br>Complaint Filed: |

Collectively, Plaintiffs SYMONS EMERGENCY SPECIALTIES, INC. ("SES"), a California Corporation, JEFF T. GRANGE, M.D., INC., dba Grange Emergency Medical Services ("GEMS"), a California Corporation and JEFF T. GRANGE ("Grange"), an individual, through their counsel, bring this action for declaratory and injunctive relief against Defendant Ricardo Lara, in his official capacity as California Insurance Commissioner on behalf of the California Department of Insurance ("Commissioner"), and Defendant Sistemas Medicos

GARCIA REED & RAMIREZ, LLP
ATTORNEYS AT LAW
1447 FORD STREET, STE 200A
REDLANDS, CA 92374
(951) 530-4810

1
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Nacionales, S.A. de C.V. dba SIMNSA Health Plan ("SIMNSA"), a company doing business throughout the state of California.

## I.
## INTRODUCTION AND SUMMARY OF CLAIMS

### A. Synopsis of the Case

1. Defendant SIMNSA is a private medical insurance company located in and doing business in both California and Mexico.

2. Defendant SIMNSA is a relator to the California Department of Insurance (the "DOI") regarding a *qui tam* action brought against Plaintiffs (the "qui tam action") in the Superior Court of the State of California, County of San Bernardino.

3. The DOI brought the qui tam action under California Insurance Code Section 1871.7 alleging that Plaintiffs engaged in a scheme of medical insurance fraud for billings related to air ambulance transports. The theory of the DOI in the qui tam action, as incepted by the relator SIMNSA, was that that Plaintiffs committed fraud by billing under Healthcare Common Procedure Coding System ("HCPCS") codes that require *ownership* of a helicopter to be legitimately billed.

4. Plaintiffs bring this action seeking declaratory and injunctive relief from the qui tam action. Plaintiffs seek relief from the enforcement of California Insurance Code Section 1871.7 by Defendants and all of their agents in state court in violation of constitutional and federal law.

5. The basis for said relief is that the qui tam proceedings undermine the Supremacy Clause of the U.S. Constitution, Article VI, Clause 2 given that, under the Airline Deregulatory Act codified in 49 U.S.C. §41713(b), "States…may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart."

6. Under the broad preemption set forth in 49 U.S.C. §41713(b), air ambulances are "air carriers" within the meaning of the statute.

7. The rates charged for an air carrier are an aspect of their "price" and necessarily an aspect of their "service". Further, Defendants seek to exercise control over the contractual relationships between Plaintiffs and the business partners of Plaintiffs, which also relates to "services". Thus, the DOI's qui tam complaint unlawfully seeks to exercise state

GARCIA REED & RAMIREZ, LLP
ATTORNEYS AT LAW
1447 FORD STREET, STE 200A
REDLANDS, CA 92374
(951) 530-4810

2
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

jurisdiction over the domain of authority explicitly reserved for the federal government under 49 U.S.C. §41713(b).

### B. Jurisdiction and Venue

8. The Court has original jurisdiction of this action under 28 U.S.C. §1331 because the action arises under the U.S. Constitution, Article VI, Clause 2 and 49 U.S.C. §41713(b) which, taken together, inherently raise a federal question.

9. Venue in this judicial district is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the district. Specifically, the state proceeding from which relief is sought, CIVDS 1607744, was filed in the Superior Court of California, County of San Bernardino.

10. Venue is further proper given that Plaintiffs transact business throughout San Bernardino County and Defendants allege in the qui tam action that Plaintiffs committed fraud while transacting business in said county.

### C. Parties

11. Defendant SIMNSA is the relator to the qui tam action. SIMNSA sells health insurance policies and health care service plans in California and Mexico. SIMNSA and the DOI therefore claim that SIMNSA is an "insurer" and "interested person" as dictated by California Insurance Code Section 1871.7.

12. Defendant Ricardo Lara is the Commissioner for the California Department of Insurance. In the capacity of his office, he therefore represents the People of California in this action.

13. Plaintiff SES is a California Corporation in the business of providing emergency medical services.

14. Plaintiff GEMS is a California Corporation that performs billing services for companies that that provide emergency medical services.

15. Plaintiff Grange is an individual residing in the State of California and an owner of Plaintiffs SES and GEMS.

## II.

## GENERAL ALLEGATIONS

16. This action derives from claims billed by Plaintiffs SES and GEMS to the

GARCIA REED & RAMIREZ, LLP
ATTORNEYS AT LAW
1447 FORD STREET, STE 200A
REDLANDS, CA 92374
(951) 530-4810

3
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

insurance companies of insured individuals who were provided air ambulance services and billed accordingly under HCPCS codes A0431 and A0436. A0431 codes for "[a]mbulance service, conventional air services, transport, one way (rotary wing)". A0436 codes for "[r]otary wing air mileage, per statute mile".

17. The individuals that were treated were participants in dangerous off-road races spanning across Baja Mexico. Plaintiff SES performed air ambulance services that involved extracting individuals that needed to be reached by helicopter and performing critical medical treatment en route to the nearest feasible hospital location.

18. The services provided are not in dispute. Instead, in the qui tam action, Defendants assert that Plaintiffs fraudulently billed under HCPCS code A0431 and A0436 because these codes require ownership of the transport helicopter in order to be reimbursed. Defendants' theory is that because Plaintiffs knew they did not own helicopters, they committed fraud under California Insurance Code Section 1871.7 in billing under these codes.

### A. Factual History

19. By way of background, SCORE International ("SCORE") has held off-road races in and across treacherous stretches of Baja California over the last 15 or so years.

20. Because these races involve vehicles moving at exceptionally high speeds in dangerous off-road conditions over vast, remote stretches of land, air ambulances are necessary to provide life-saving medical attention and transport for injured racing participants.

21. SES, an ambulance company, staffed the races with medical personnel for this purpose. SCORE and SES had an agreement that SCORE would lease helicopters from Corporate Helicopters of San Diego ("Corporate Helicopters"). SCORE would then provide these helicopters to SES to perform the necessary air ambulance services that the racing conditions required.

22. In consideration for SES staffing SCORE events with medical personnel and performing the necessary air ambulance services, SCORE agreed that SES would be allowed to bill the insurance company of any participants that were in fact insured. Thus, SES would treat any individuals that required air ambulance services and would only bill for the services if the individuals happened to have insurance coverage.

23. SES received no other consideration for its medical services.

24. SES, pursuant to its agreement with SCORE, treated an insured of SIMNSA in

GARCIA REED & RAMIREZ, LLP
ATTORNEYS AT LAW
1447 FORD STREET, STE 200A
REDLANDS, CA 92374
(951) 530-4810

4
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

2014 in Baja California.

25. Having been injured while racing, SIMNSA's insured was extracted by SES medical personnel aboard a helicopter staffed by SES medical professionals and a pilot provided by Corporate Helicopters. The injured individual was then transported to a nearby airport.

26. GEMS, which handles the billings for SES, ascertained that the injured individual was insured by Defendant SIMNSA. GEMS therefore billed SIMNSA accordingly.

### B. Procedural History

27. In 2015, after SIMNSA refused to pay the bill for the medical services provided to its insured, SES was forced to sue SIMNSA to recover. This suit was filed at the North County Regional Center for the Superior Court of San Diego County as *Symons v. Sistemos Medicos* with Case No. 37-2015-00014814-CU-MC-NC filed on May 4, 2015.

28. After several months of litigation, SES and SIMNSA ultimately settled. SES agreed to the settlement because it determined that any benefit from continuing to litigate the single medical claim was outweighed by the costs of further litigation. Specifically, SES was concerned about potential damage to business relationships as a result of SES's business partners being dragged into the lawsuit via subpoenas by SIMNSA. All costs considered, continuing to collect on this single claim wasn't worth it.

29. However, in spite of the settlement, Defendant SIMNSA used the discovery exchanged in *Symons v. Sistemos Medicos* to concoct its theory under California Insurance Code Section 1871.7, which by operation of the statute, enabled SIMNSA to circumvent the terms of the settlement by designating itself "an interested party". SIMNSA essentially compiled a list of the medical bills paid by insurance companies of injured racing participants to SES as a result of medical services at SCORE events over the past several years and, on the technicality that SES did not own the helicopters, filed its complaint under the California insurance code.

30. The structure of the code section also allowed the DOI to intervene in the action. The DOI did in fact intervene, filing a complaint in intervention in CIVDS 1607744 that was substantially the same as the complaint filed by SIMNSA. The qui tam matter is presently set for jury trial on February 18, 2020.

31. The crux of the qui tam action hinges on the characterization of "air ambulance services" and whether the specific HCPCS codes require ownership of the air ambulance. Defendants' argument is that Symons must have perpetrated fraud because SES billed for

GARCIA REED & RAMIREZ, LLP
ATTORNEYS AT LAW
1447 FORD STREET, STE 200A
REDLANDS, CA 92374
(951) 530-4810

providing air ambulance services without ownership of helicopters, knowing they did not own them. SES's retort is that ownership is irrelevant—SES was provided helicopters by SCORE in order to perform these services, and SES and SCORE had validly contracted regarding reimbursement for these services. Of significant note is that the medical services provided are not in dispute; the subject racing participants certainly received life-saving treatment while being transported in helicopters from the site of their injuries.

32.  The positions of the parties notwithstanding, the key for purposes of this action for declaratory and injunctive relief is that the question of whether it is fraudulent to bill under HCPCS codes A0431 and A0436 without owning the helicopters is a federal question as prescribed by the Airline Deregulation Act. The State of California is therefore necessarily preempted under the Supremacy Clause from adjudicating the matter.

### III.

### FIRST CLAIM FOR RELIEF

#### Violation of the Supremacy Clause and 49 U.S.C. §41713(b)

33.  Paragraphs 1-32 are incorporated herein as though set forth in full.

34.  The Airline Deregulation Act (the "ADA") preempts any state and local action authority over the "price, route, or service of local air carriers." 49 U.S.C. §41713(b) states:

> "Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart[1]."

35.  The United States Supreme Court has consistently noted the "broad preemptive purposes" of the Airline Deregulation Act.( *See, e.g., Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992) (preempting states from regulating deceptive airline fare advertisements); *see also Northwest, Inc. v. Ginsberg*, 134 S. Ct. 1422 (2014) (preempting a frequent flyer member's state law claim for breach of an implied covenant of good faith and fair dealing for the carrier's termination of his membership; *see also Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (preempting state regulation via statutory causes of action related to fraudulent and deceptive practices).

---

[1] "[T]his subpart" in the statute refers to title 49 of the United States Code, subtitle VII (Aviation Programs), Part A (Air Commerce and Safety), subpart II (Economic Regulation)).

GARCIA REED & RAMIREZ, LLP
ATTORNEYS AT LAW
1447 FORD STREET, STE 200A
REDLANDS, CA 92374
(951) 530-4810

6
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

36. Further, air ambulances are common "air carriers" within the meaning of the ADA. As the Court in *Air Evac EMS, Inc. v. Cheatham* adeptly explained:

> "We have no difficulty concluding as well that air ambulance companies are common carriers. The term "common carrier" is borrowed from the common law and frequently incorporated into federal statutes. *See, e.g.*, 45 U.SC. § 181 (2012) (Railway Labor Act); 47 U.S.C. § 153(11) (Federal Communications Act). The term generally means "[a] commercial enterprise that holds itself out to the public as offering to transport freight or passengers for a fee." *Common Carrier*, Black's Law Dictionary (10th ed. 2014). As the Supreme Court understands the term, "the duty of a common carrier ... is to transport for hire whoever employs it." *Weade v. Dichmann, Wright & Pugh*, 337 U.S. 801, 807, 69 S.Ct. 1326, 93 L.Ed. 1704 (1949). A common carrier need not be available to every member of the public; it is enough that the service be available on open terms to even a segment of the population. See, e.g., *M&R Inv. Co. v. Civil Aeronautics Bd.*, 308 F.2d 49, 50 (9th Cir. 1962) ("[I]t is immaterial that the service offered will be attractive only to a limited group."); *United States v. Smith*, 215 F.2d 217, 219 (6th Cir. 1954) ("[Common carrier] status is not changed by the fact that the carrier is rendering a specialized service."). (*See Air Evac EMS, Inc. v. Cheatham* 910 F.3d 751, 763 (4th Cir. 2018).

37. As common carriers, air ambulances fall under the umbrella of the ADA. Whether preemption applies here is therefore a matter of whether Defendants' qui tam action seeks to "enforce a law, act or other provision having the force of law related to the price route or service" of the emergency medical services provided by Plaintiffs.

38. Defendants' qui tam action seeks to regulate Plaintiffs' business within the meaning of the ADA on multiple fronts.

39. First, Defendants seek to regulate what Plaintiffs charge for their air ambulance services. This is, by definition, an attempt to regulate Plaintiffs' pricing.

40. Second, Defendants seek to regulate the matter in which Plaintiffs conduct their billing. This is directly related to the services Plaintiffs provide.

41. Third, Defendants seek to regulate the nature in which Plaintiffs are compensated for their services. Defendants' position in the qui tam action is that Plaintiffs are not entitled to be reimbursed under the air ambulance codes because Plaintiffs do not own the helicopters. Given that the services were in fact provided, Defendants imply that the owners of the

GARCIA REED & RAMIREZ, LLP
ATTORNEYS AT LAW
1447 FORD STREET, STE 200A
REDLANDS, CA 92374
(951) 530-4810

7
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

helicopters should have been compensated. Defendants' attempts to regulate the contractual relationships between Plaintiffs and the business partners of Plaintiffs is an attempt to regulate the nature of the services Plaintiffs provide.

### A. Declaratory Judgment is Necessary

42. There is an actual and present controversy between the parties, namely the qui tam action pending in state court.

43. Defendants are seeking to enforce state laws that, in their application to the air ambulance services provided by Plaintiffs, are related to the pricing and services of Plaintiffs.

44. Plaintiffs contend that the qui tam action therefore violates the ADA and the Supremacy Clause. Plaintiffs thus seek a judicial declaration that the qui tam action is preempted by the ADA and Supremacy Clause.

### B. Injunctive Relief is Necessary

45. Plaintiffs are presently and continuously injured by Defendants' continuing to pursue their qui tam action in state court.

46. If not enjoined by this court, an adjudication may be made in state court in violation of the provisions of the ADA.

47. Plaintiffs have no plain, speedy nor adequate remedy at law.

48. Damages are indeterminate or unascertainable as the qui tam action has not yet been tried. Nonetheless, damages are inadequate given an adjudication in state court would violate constitutional and federal law.

## IV.
## PRAYER FOR RELIEF

Plaintiff Prays that the Court:

1. Enter a declaratory judgment that under the U.S. Constitution, Article VI, Clause 2 and 49 U.S.C. §41713(b), the *qui tam* action CIVDS 1607744 brought by Defendants in the Superior Court of the County of San Bernardino is preempted.

2. Issue an injunction enjoining the case CIVDS 1607744 from being adjudicated in state court and, further, enjoining Defendants, their officers, agents and employees, and any other parties from pursuing the qui tam action described in the Complaint in

GARCIA REED & RAMIREZ, LLP
ATTORNEYS AT LAW
1447 FORD STREET, STE 200A
REDLANDS, CA 92374
(951) 530-4810

GARCIA REED & RAMIREZ, LLP
ATTORNEYS AT LAW
1447 FORD STREET, STE 200A
REDLANDS, CA 92374
(951) 530-4810

CIVDS 1607744 or any other action in State Court under California Insurance Code Section 1871.7 related to the billing for air ambulance services.

3. Award remedies available under 42 U.S.C. §1983 and all reasonable attorneys' fees, costs and expenses under 42 U.S.C. §1988, or any other applicable law; and,

4. Grant any other relief the Court deems just and proper.

Dated: January 27, 2020

GARCIA REED & RAMIREZ LLP

By: _____
Raul B. Garcia
Attorneys for Plaintiffs SYMONS EMERGENCY SPECIALTIES, INC., a California Corporation; JEFF T. GRANGE, M.D., INC., dba Grange Emergency Medical Services, a California Corporation a California Corporation; JEFF T. GRANGE, an individual

GARCIA REED & RAMIREZ, LLP
ATTORNEYS AT LAW
1447 FORD STREET, STE 200A
REDLANDS, CA 92374
(951) 530-4810

9

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF