XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ANTHONY R. HAKL, State Bar No. 197335
Supervising Deputy Attorney General
JERRY T. YEN, State Bar No. 247988
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7836
 Fax: (916) 324-8835
 E-mail: Jerry.Yen@doj.ca.gov
*Attorneys for Defendant Ricardo Lara, in his official capacity as Commissioner of the Department of Insurance*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SYMONS EMERGENCY SPECIALTIES, INC.**, a California Corporation; **JEFF T. GRANGE, M.D., INC.**, dba Grange Emergency Medical Services, a California Corporation; **JEFF T. GRANGE**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**RICARDO LARA**, in his official capacity as Commissioner of the Department of Insurance; **SISTEMAS MEDICOS NACIONALES, S.A. de C.V.** dba SIMNSA HEALTH PLAN; and DOES 1 through 100,<br><br>Defendants. | Case No. 5:20-cv-00183-FMO-SP<br><br>**DEFENDANT RICARDO LARA'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 19, 2020<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin<br>Trial Date: Not Set<br>Action Filed: January 27, 2020 |

**TABLE OF CONTENTS**

**Page**

NOTICE ........................................................................................................................ 1
MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 2
INTRODUCTION ....................................................................................................... 2
BACKGROUND ......................................................................................................... 2
LEGAL STANDARD ................................................................................................. 3
ARGUMENT ............................................................................................................... 3
    I.    Federal Courts Have Limited Power to Enjoin State Court Proceedings ............... 3
        A.    The Anti-Injunction Act Prohibits Enjoining State Court Proceedings .................................................................................. 3
        B.    The *Younger v. Harris* Abstention Doctrine Instructs Federal Courts to Refrain from Interfering with State Court Proceedings .............. 4
    II.    The Airline Deregulation Act Does Not Preempt California's Insurance Fraud Statutes ................................................................................ 6
CONCLUSION ............................................................................................................ 7

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Air Eva EMS, Inc. v. Cheatham*
   910 F.3d 751 (4th Cir. 2018)......................................................................................6

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ..................................................................................................3

*Atlantic Coast Line R.R. v. Bhd. of Locomotive Eng'rs*
   398 U.S. 281 (1970) ..................................................................................................3

*Cervantes v. Countrywide Home Loans, Inc.*
   656 F.3d 1034 (9th Cir. 2011)...................................................................................3

*Corrie v. Caterpillar*
   503 F.3d 974 (9th Cir. 2007).....................................................................................3

*Martingale LLC v. City of Louisville*
   361 F.3d 297 (6th Cir. 2004).....................................................................................4

*Mitchum v. Foster*
   407 U.S. 225 (1972) ..................................................................................................4

*Morales v. Trans World Airlines, Inc.*
   504 U.S. 374 (1992) ..................................................................................................6

*Paulsen v. CNF, Inc.*
   559 F.3d 1061 (9th Cir. 2009)...................................................................................3

*Potrero Hills Landfill, Inc. v. Cnty. of Solano*
   657 F.3d 876 (9th Cir. 2011).................................................................................4, 5

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*
   754 F.3d 754 (9th Cir. 2014).................................................................................4, 5

*S. Cal. Gas Co. v. Cnty. of Los Angeles, Cal.*
   No. 2:17-cv-05140-DSF-JC, 2017 WL 8793753 (C.D. Cal. Dec. 4, 2017)............5, 6

*S. Cal. Gas Co. v. Cnty. of Los Angeles, Cal.*
   Case No. 2:17-cv-05140-DSF-JC, Dkt. No. 44 (C.D. Cal. Dec. 20, 2017) ...............6

*Sprint Commc'ns, Inc. v. Jacobs*
   571 U.S. 69 (2013) ....................................................................................................5

*Woodfeathers, Inc. v. Washington Cnty., Or.*
   180 F.3d 1017 (9th Cir. 1999)...................................................................................5

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Younger v. Harris*
   401 U.S. 37 (1971) ................................................................................................. *passim*

**STATUTES**

28 United States Code § 2283 ............................................................................................ 3

49 United States Code
   §§ 1371 *et seq.* ............................................................................................................ 2
   § 41713(b)(1) .............................................................................................................. 6

**COURT RULES**

Federal Rules of Civil Procedure
   Rule 12(b)(6) ........................................................................................................... 1, 3

Local Rule 7-3 ..................................................................................................................... 1

# NOTICE

## TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on March 19, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Fernando M. Olguin in Courtroom 6D on the 6th Floor of the United States District Court for the Central District of California, located at the First Street United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, Defendant Ricardo Lara, in his official capacity as Commissioner of the Department of Insurance, will and hereby does move under Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Plaintiffs' complaint without leave to amend.  This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other matters as may properly come before the Court.

Defendant moves for dismissal on grounds that (1) the Anti-Injunction Act prohibits a federal court from enjoining a state court proceeding, (2) the *Younger* abstention doctrine instructs federal courts to refrain from interfering with a pending state court proceeding, and (3) the Airline Deregulation Act does not preempt a civil enforcement action for insurance fraud.

Defendant makes this motion to dismiss following the conference of counsel pursuant to L.R. 7-3, which took place on February 11, 2020.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs initiated this federal action against Defendant Ricardo Lara, in his official capacity as Commissioner of the California Department of Insurance (CDI), to enjoin an ongoing civil enforcement action in state court arising from Plaintiffs' alleged insurance fraud. Plaintiffs claim that the Airline Deregulation Act, 49 U.S.C. §§ 1371 *et seq*., preempts CDI's enforcement of the California Insurance Frauds Prevention Act (IFPA). *See* Complaint, filed January 27, 2020 (ECF No. 1). The IFPA makes it unlawful to knowingly make or cause to be made any false or fraudulent claim for payment of an insurance benefit. Nothing in the Airline Deregulation Act prevents a state from enforcing its insurance fraud statutes. Plaintiffs' federal complaint is a last ditch effort to avoid CDI's enforcement action in state court, which the Anti-Injunction Act and the *Younger* abstention doctrine plainly preclude.

## BACKGROUND

For several years, Plaintiff Symons Emergency Specialties, Inc. (SES) provided emergency medical services for off-road vehicle races held by SCORE International (SCORE). Complaint, ¶¶ 19, 21. SCORE leased helicopters (which included a pilot) for the races and permitted SES to use the helicopters as necessary for air ambulance services. *Id*. ¶ 21, 25. SES, through Plaintiff Jeff T. Grange, M.D., Inc. d/b/a Grange Emergency Medical Services (GMS), billed insurance companies for air ambulance services provided to insured individuals during the races.[1] *Id*. ¶¶ 14, 22, 26. In submitting the bills, Plaintiffs used specific codes from the Healthcare Common Procedure Coding System that required the actual provision of a helicopter. *Id*. ¶ 3, 16. Because Plaintiffs themselves never actually provided a helicopter related to air ambulance transport services, in November 2018, CDI brought a civil enforcement action (Case No. CIVDS-1607744 in the Superior Court of California, County of San Bernardino) alleging that Plaintiffs fraudulently billed insurance companies for air ambulance services in violation of the IFPA. *Id*. ¶¶ 3, 9, 18. A jury trial in that state court case began on February 18, 2020, and it is ongoing. *Id*. ¶ 30.

---

[1] SES and GMS are both owned by Plaintiff Jeff T. Grange. *Id*. ¶ 15.

**LEGAL STANDARD**

A motion to dismiss may be brought "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, the complaint must provide sufficient detail that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a 12(b)(6) motion to dismiss, the court must accept the factual allegations as true, and construe them in the light most favorable to the plaintiff. *Corrie v. Caterpillar*, 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

**ARGUMENT**

**I.  FEDERAL COURTS HAVE LIMITED POWER TO ENJOIN STATE COURT PROCEEDINGS**

**A.  The Anti-Injunction Act Prohibits Enjoining State Court Proceedings**

The Anti-Injunction Act, 28 U.S.C. § 2283, creates "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286-87 (1970). Those three exceptions – (1) where Congress expressly authorizes the injunction, (2) where the injunction is necessary in aid of the federal court's jurisdiction, and (3) where enjoining the state court proceeding is necessary to protect or effectuate the federal court's judgments – do not apply in this case. 28 U.S.C. § 2283. Moreover, any doubts by a federal court in considering these exceptions should be resolved "in favor of allowing the state court action to proceed." *Atlantic Coast*, 398 U.S. at 297.

With respect to the first exception, the Airline Deregulation Act does not expressly authorize injunctions against state courts. Although the Act contains a preemption clause, it does not create a federal right or remedy related to insurance fraud by "air carriers" that is enforceable

1  in a federal court of equity. *See Mitchum v. Foster*, 407 U.S. 225, 237 (1972) (stating that "in order to qualify as an 'expressly authorized' exception to the anti-injunction statute, an Act of Congress must have created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding").

As for the second exception, courts have applied this exception in only two scenarios – (1) where the case is removed from federal court, and (2) where the federal court acquires in rem or quasi in rem jurisdiction over a case involving real property before the state court does. *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004). None of those situations applies in this case. Moreover, even if Plaintiffs' preemption claim had merit (it does not), enjoining the state court proceeding would not aid in the court's jurisdiction and "the proper course [would be] to seek resolution [in] the state court[]." *Id*. at 303 (citing *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149–50 (1988)).

Finally, there are no prior federal court decisions regarding Plaintiffs' alleged fraudulent insurance billing, and, thus, an injunction would not be necessary to promote or effectuate the court's judgments.

Accordingly, the Anti-Injunction Act prohibits this Court from enjoining the state court proceeding against Plaintiffs.

**B.    The *Younger v. Harris* Abstention Doctrine Instructs Federal Courts to Refrain from Interfering with State Court Proceedings**

The *Younger* doctrine also prevents a federal court from interfering with a pending state court proceeding. *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) (citing *Younger v. Harris*, 401 U.S. 37, 54 (1971); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982)). In civil cases, *Younger* abstention is appropriate when the state proceedings: (1) are ongoing, (2) are akin to criminal prosecutions or involve a state's interest in enforcing the orders and judgments of its court, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citations omitted). Once these

elements for *Younger* abstention are met, the Ninth Circuit has identified a final requirement: the requested relief must seek to enjoin ongoing state proceedings. *Id*. at 758 (citations omitted).

Here, there is no dispute that the state court proceedings are ongoing and constitute a civil enforcement action brought by California in response to Plaintiffs' alleged fraudulent insurance billing, which is akin to a criminal prosecution. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (finding enforcement actions initiated against a party for wrongful conduct akin to criminal prosecution). With respect to the state interest element, the enforcement of California's insurance fraud laws is an important state interest. *See Potrero Hills*, 657 F.3d at 882 (stating that "[w]here the state is in an enforcement posture in the state proceedings, the 'important state interest' requirement is easily satisfied") (citations omitted). As for the fourth element, the state court action has been ongoing since July 2017 and Plaintiffs have had numerous opportunities to raise federal questions. *See Woodfeathers, Inc. v. Washington Cnty., Or.*, 180 F.3d 1017, 1021 (9th Cir. 1999) (stating that "state courts are presumed adequate to raise federal questions … unless state procedural rules bar raising the federal questions") (citations omitted). Finally, Plaintiffs' main purpose for filing this case is to enjoin the state court proceedings. *See* Complaint, Prayer for Relief. Accordingly, this case meets the elements for *Younger* abstention.

Finally, because Plaintiffs have raised a federal preemption claim, there is an issue as to whether federal preemption is "readily apparent." *See S. Cal. Gas Co. v. Cnty. of Los Angeles, Cal.*, No. 2:17-cv-05140-DSF-JC, 2017 WL 8793753, at *7 (C.D. Cal. Dec. 4, 2017) (stating that a claim of preemption will only defeat *Younger* abstention when preemption is "readily apparent") (citing *Woodfeathers*, 180 F.3d at 1021). The Ninth Circuit has held preemption to be readily apparent "where the Supreme Court had previously decided the issue, where the state law fell under the express preemption clause of the Employment Retirement Income Security Act of 1974 (ERISA), and where federal regulatory jurisdiction of the employees in a bargaining unit had previously been determined." *Woodfeathers*, 180 F.3d at 1021-22 (internal citations omitted). None of those situations applies to this case. In fact, preemption is *not* readily apparent when other courts have yet to decide the specific preemption issue raised in the case. *See id*. at 1022 (finding that federal preemption was not readily apparent because courts have not decided

5

whether a federal statute preempted a local ordinance); *S. Cal. Gas*, 2017 WL 8793573 at *8 (finding that the issue of a federal pipeline safety act preempting a California agency's actions was a question of first impression and thus preemption was not readily apparent)[2]. Here, no other courts have addressed the issue of whether the Airline Deregulation Act preempts state insurance fraud laws. For these reasons, preemption is hardly "readily apparent" in this case, and the *Younger* abstention doctrine applies.

## II. THE AIRLINE DEREGULATION ACT DOES NOT PREEMPT CALIFORNIA'S INSURANCE FRAUD STATUTES

Assuming that the Court were to proceed with this case, the Court should dismiss Plaintiffs' preemption claim because there is simply no connection between the Airline Deregulation Act and California's insurance fraud statutes. Congress enacted the Airline Deregulation Act to apply the principles of the free market to commercial aviation and provide for federal economic regulation of air carriers. *Air Eva EMS, Inc. v. Cheatham*, 910 F.3d 751, 756 (4th Cir. 2018). To achieve those goals, the Act contained a preemption clause that prevents a state from enacting or enforcing "a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1). Here, the state court action under California's IFPA relates to Plaintiffs' alleged insurance fraud, i.e., wrongly billing insurance companies using improper billing codes. Complaint, ¶ 18. Because it focuses on the manner in which Plaintiffs seek reimbursement from insurance companies for their air ambulance services regardless of how much they charge their customers for those services, CDI's IFPA enforcement action is not preempted. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 390 (1992) (stating that the connection between state regulation on "nonprice aspects" of fare advertising would be "far more tenuous" and "affect [airline fares] in too tenuous, remote or peripheral a manner' to have pre-emptive effect") (citation omitted). Furthermore, nothing in the

---

[2] In the case involving the Southern California Gas Company, the Court tentatively granted a motion to dismiss pursuant to the *Younger* abstention doctrine and gave the plaintiff an opportunity to file additional briefing on whether federal preemption was readily apparent. 2017 WL 8793537 at *8. After reviewing the additional briefing, the Court was not persuaded, adopted the tentative order as its final order, and dismissed the case with prejudice. *S. Cal. Gas Co. v. Cnty. of Los Angeles, Cal.*, Case No. 2:17-cv-05140-DSF-JC, Dkt. No. 44 (C.D. Cal. Dec. 20, 2017).

Complaint even explains how Plaintiffs' improper use of insurance billing codes is connected to their pricing, routes, or services that they provide to air ambulance customers. Thus, the Airline Deregulation Act does not preempt California's enforcement of the IFPA.

## CONCLUSION

Under the Anti-Injunction Act and the *Younger* abstention doctrine, this Court should reject Plaintiffs' invitation to enjoin CDI's civil enforcement action against Plaintiffs for insurance fraud. Moreover, the Airline Deregulation Act simply does not preempt state actions for insurance fraud. Accordingly, CDI respectfully requests that the Court grant its motion to dismiss Plaintiffs' Complaint without leave to amend.

Dated: February 20, 2020                    Respectfully Submitted,

                                            XAVIER BECERRA
                                            Attorney General of California
                                            ANTHONY R. HAKL
                                            Supervising Deputy Attorney General


                                            _/s/ Jerry T. Yen_
                                            JERRY T. YEN
                                            Deputy Attorney General
                                            *Attorneys for Defendant Ricardo Lara, in his official capacity as Commissioner of the Department of Insurance*

# CERTIFICATE OF SERVICE

Case Name:  **Symons, et al. v. Lara, et al.**          No.   **5:20-cv-00183-FMO-SP**

I hereby certify that on February 20, 2020, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT RICARDO LARA'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 20, 2020, at Sacramento, California.

| Tracie L. Campbell | */s/ Tracie Campbell* |
|---|---|
| Declarant | Signature |

SA2020100679
14449300.docx