# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMONS EMERGENCY SPECIALTIES, INC., et al., | Case No. ED CV 20-0183 FMO (SPx) |
| Plaintiffs, | |
| v. | **ORDER RE: MOTION TO DISMISS** |
| RICARDO LARA, et al., | |
| Defendants. | |

On February 20, 2020, defendant Ricardo Lara, in his official capacity as Commissioner of the Department of Insurance, ("defendant") filed his Motion to Dismiss (Dkt. 22, "Motion") plaintiffs' Symons Emergency Specialties, Inc., Jeff T. Grange, M.D., Inc., and Jeff T. Grange (collectively, "plaintiffs") Complaint (Dkt. 1, "Complaint"). The Motion was noticed for oral argument on March 19, 2020. (See Dkt. 22, Motion). The March 19, 2020, hearing date required plaintiffs to file their opposition to the Motion no later than February 27, 2020. See Local Rule 7-9. As of the filing date of this Order, plaintiffs have not filed any opposition to defendant's Motion. (See, generally, Dkt.). Accordingly, the court will vacate the hearing date and grant defendant's Motion. See Local Rule 7-12.

In addition, given the policy favoring amendment of complaints, see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990), the court will grant defendant's Motion and give plaintiff one last opportunity to amend his complaint. In preparing the First Amended Complaint, plaintiff shall carefully evaluate the contentions set forth in defendant's

Motion, including defendant's assertions regarding whether the Anti-Injunction Act prohibits the court from enjoining the state court proceeding against plaintiffs and whether plaintiffs' claims are barred by the <u>Younger</u> abstention doctrine stemming from <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct. 746 (1971). The court expects that defendant will agree to any amendment(s) that will cure the alleged defects.

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant Ricardo Lara's Motion to Dismiss **(Document No. 22)** is **granted**.

2. Plaintiffs' Complaint is **dismissed with leave to amend**.

3. If plaintiffs still wish to pursue this action, he is granted until **March 25, 2020**, to file a first amended complaint attempting to cure the deficiencies set forth above as well as the other alleged defects outlined in defendant's Motion. The court expects that defendant will agree to any amendments that will or attempt to cure the alleged defects.

4. The first amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, <u>i.e.</u>, Case No. ED CV 20-0183 FMO (SPx). In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make his First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See <u>Ramirez v. Cnty. of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

5. Plaintiffs are cautioned that failure to timely file a First Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6. Defendants shall file their Answers to the First Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **April 8, 2020**.

7. In the event a defendant wishes to file another motion to dismiss, then counsel for the parties shall, on **April 1, 2020, at 10:00 a.m.**[1] meet and confer in person at an agreed upon location within the Central District of California to discuss defendant's motion to dismiss. Defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (*i.e.*, when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

Dated this 13th day of March, 2020.

                                                 /s/
                                   Fernando M. Olguin
                               United States District Judge

---

[1] Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.